FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 2 6 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GEORGE MARTINEZ,

                Petitioner,

             - against -

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------------X

MEMORANDUM & ORDER

07-CV-2473 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se George Martinez ("Martinez") files this motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Martinez is currently incarcerated at the Allenwood Low Security Correctional Institute, located in White Deer, Pennsylvania. He raises an ineffective assistance of counsel claim in connection with his attorney's withdrawal of an appeal he filed in the Second Circuit. For the reasons set forth below, Martinez is granted sixty (60) days to submit further proof in support of his claim.

## I. BACKGROUND

### A. Factual Background

#### 1. *Martinez's Plea Hearing*

On March 18, 2005, Martinez pleaded guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin.[1] (Memorandum of Law in Support of §2255 Motion ("Pet. Mem.") (Docket Entry # 5) at 1.) The court informed Martinez before he pleaded guilty that should he choose to plea, "[t]here will be no appeal on the question of whether you did or

---

[1] 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).

1

did not commit this crime. The only thing you could appeal would be if you thought I did not properly follow the law in sentencing you." (Government Letter ("Gov't Letter") (Docket Entry # 11) Exh. A ("Plea Tr.") at 19.)

*2. Martinez's Stipulation and Sentencing*

On May 18, 2006, Martinez entered into a stipulation with the Government. The parties stipulated to a base offense level of 38 and Martinez's "participation in a conspiracy to distribute thirty (30) kilograms or more of heroin." (Gov't Letter Exh. C at 1.) The parties agreed that the "reasonable and appropriate" sentencing range for Martinez "is two hundred ten (210) to two hundred sixty-two (262) months imprisonment." (Id. at 3.) The parties also agreed that Martinez would "not file an appeal from, nor litigate under Title 28, United States Code, Section 2255 . . . or otherwise challenge . . . a sentence within or below the stipulated Sentencing Guidelines range. . ." (Id. at 4.)

On June 20, 2006, Martinez was sentenced to 210 months imprisonment and five years of supervised release. (Gov't Letter Exh. B ("Sentencing Tr.") at 12.) Before his sentencing, Martinez affirmed that he was satisfied with the representation he had received from his attorney, Gino Josh Singer ("Singer"). (Id. at 2.) The Assistant United States Attorney and Singer noted that under the stipulation, Martinez had waived his right to appeal, but the court noted that "to the extent that any right to appeal may still be extant, [Martinez has] the right to appeal the sentence" to the Second Circuit. (Id. at 13-14.) The court told Martinez, "Your time to appeal is extremely limited. Therefore, you should discuss with your attorney whether an appeal would be appropriate and worthwhile at the earliest possible moment." (Id. at 14.)

2

### 3. Martinez's Direct Appeal

At Martinez's request, Singer filed a June 26, 2006 notice of appeal on Martinez's behalf. (Gov't Letter at 3). On November 29, 2006, Singer withdrew the appeal. In connection with the withdrawal, Singer filed an affidavit in which he attested that "in a conversation I had with Martinez shortly after the notice of appeal was filed, Martinez told me that he had requested that I file the notice of appeal only because other inmates at the MDC had told him that, if he failed to file a notice of appeal, he would forfeit important rights." (Id.) Singer affirmed that "I explained to Martinez that those statements were not true and that, in any event, the stipulation included an unequivocal waiver of appellate rights, given the sentence that was imposed." (Id.) After this conversation, Singer "wrote to Martinez and asked him if it was his desire to withdraw the within appeal. In response, I received a telephone call from Socorro Martinez Rutman, Martinez's sister. Ms. Rutman informs me that Martinez has told her that it is his desire to withdraw the appeal." (Id.)

### B. Procedural Background

On May 10, 2008, Petitioner submitted a motion under 28 U.S.C. §2255 claiming ineffective assistance of trial counsel. Martinez complained that Singer was ineffective because, after he was sentenced, Singer did not file a requested notice of appeal. Martinez stated that he had wished to appeal because he "believed that counsel had misled him as to what sentence he would receive based upon his plea and lack of any stipulations at the time of establishing guilt." (Pet. Mem. at 2.) Martinez alleged that Singer advised him that, based on the stipulation, he could not appeal, whereupon Martinez argued that "at the time he had admitted his guilt, there was no appeal waiver, and the court advised petitioner that he could file an appeal." (Id.) In his

3

petition, Martinez stated that "no appeal was filed." (Petition (Docket Entry # 1) at 2.)

On August 6, 2008, Martinez filed a reply brief in which he concedes that Singer filed a direct appeal. Martinez claims, however, that he never requested that his appeal be withdrawn. (Motion to Reply to Government's in Opposition to § 2255 Motion ("Reply") (Docket Entry # 12) at 2.) Focusing only on this one issue, Martinez withdrew all of his other claims. (Id. at 3.)

## II. DISCUSSION

Martinez claims that Singer provided ineffective assistance when, without authorization, he withdrew Martinez's direct appeal. Counsel must provide information about and file an appeal when a defendant specifically requests it, even when the defendant has waived his right to appeal. United States v. Campusano, 442 F.3d 770, 772 (2d Cir. 2006). Counsel's failure to file a requested notice of appeal constitutes per se ineffective assistance of counsel, and following such failure "a defendant is entitled to a new appeal without showing that his appeal would have had merit." Roe v. Flores-Ortega, 528 U.S. 470, 483-84 (2000). Furthermore, when counsel fails to file a requested direct appeal, a court "may not dismiss the hypothetical appeal as frivolous on collateral review." Campusano, 422 F.3d at 775.

Singer filed an appeal on Martinez's behalf on June 26, 2006. (Government's Brief at 3.) Singer claims in an affidavit that he later received a phone call from Martinez's sister, who told him that Martinez wished to withdraw his appeal. (Gov't Letter at 3.) While Martinez does not dispute that his sister told Singer to withdraw the appeal, Martinez contends that he never expressed to his sister or any other person any desire to withdraw his appeal and that Singer was therefore not authorized to withdraw the appeal. (Reply at 2.)

This court must therefore determine whether in fact Martinez authorized the withdrawl of

4

his appeal. Section 2255 grants the district court substantial discretion to decide whether "allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001) (internal quotation omitted). A district court abuses its discretion when it summarily dismisses a claim that is (i) "not so clearly bereft of merit as to be subject to dismissal on its face" and (ii) involves "off-the-record interactions with . . . trial counsel [that] cannot be determined by examining the motion, files, and records before the district court." Id. at 85.

The court, however, "may employ a variety of measures [other than summary dismissal] in an effort to avoid the need for an evidentiary hearing." Id. at 86 (quoting Blackledge v. Allison, 431 U.S. 63, 81-82 (1977)). One appropriate measure that a district court can employ in lieu of an evidentiary hearing is to "[supplement] the record [with] a detailed affidavit from trial counsel credibly describing the circumstances concerning [the petitioner's] claim." Chang, 250 F.3d at 85; see, e.g., Riggi v. United States, (JSR) No. 04 Civ. 7852, 2007 WL 2245595, *9 (S.D.N.Y. Aug. 06, 2007) (holding that there is "no reason to hold an evidentiary hearing [when the court is] faced with . . . an assertion by a petitioner that he requested to file a notice of appeal and an attorney affidavit contradicting this assertion"). A district court need not hold an full testimonial hearing when "such a hearing would not offer any reasonable chance of altering its view of the facts" and "the testimony of [the defendant] and his trial counsel would add little or nothing to the written submissions." Chang, 250 F.3d at 86.

Given the materials that have been submitted to the court, it seems probable that Martinez did in fact request for his appeal to be withdrawn. Martinez's appeal clearly would have been bereft of merit, and so it is likely that after the conversation described by Singer, Martinez

5

decided to withdraw his appeal. Singer's affidavit therefore presents an account that is credible and sufficient to withstand Martinez's contradictory account. Out of an abundance of caution, however, the court grants Martinez sixty (60) days to file an affidavit by his sister presenting any additional facts relating to his attorney's claim that he told her that he wished to withdraw his appeal. The court does not intend to thereby imply that an affidavit from Martinez's sister confirming Martinez's account would necessarily alter its provisional finding that Martinez did in fact request his appeal to be withdrawn.

### III. CONCLUSION

Martinez is granted sixty (60) days to file an affidavit by his sister presenting any additional facts relating to the withdrawal of his direct appeal. Failure to file such an affidavit — or other sufficient supporting proof for this claim — will result in a dismissal of this motion.

SO ORDERED.

Date: August 25, 2008
Brooklyn, NY

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge