UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GEORGE MARTINEZ,

                Petitioner,

  -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-2473 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Pro se Petitioner George Martinez ("Martinez") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. He alleges that his right to direct appeal should be reinstated based on his trial counsel's unauthorized withdrawal of his notice of appeal.[1] Pursuant to 28 U.S.C. § 2255(b), the court will hold an evidentiary hearing to determine (1) whether trial counsel's decision to withdraw the notice of appeal based on communications with Petitioners' sister – and without further consultation with Petitioner – constituted constitutionally deficient representation, and, if so, (2) whether "but for counsel's deficient performance, [Petitioner] would have appealed." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000); see also Campusano v. United States, 442 F.3d 770, 771 (2d Cir. 2006).

    The court will appoint counsel to represent Petitioner for the purposes of this hearing. Ten days before the hearing, each party shall provide to the court and to opposing counsel: (1) a list of witnesses; and (2) any documentary evidence the party intends to introduce at the hearing.

SO ORDERED.

                                                              s/Nicholas G. Garaufis

Dated: Brooklyn, New York                   NICHOLAS G. GARAUFIS
       December 9, 2010                           United States District Judge

---

[1] Petitioner initially raised several other claims. (See Petition (Docket Entry # 1).) He then moved "in the interests of justice and judicial economy to withdraw all other grounds submitted in the original §2255 motion in order to focus on [an] amended ground, i.e. whether counsel was ineffective when he failed to file and prosecute the appeal at petitioner's request." (Petioner's Reply (Docket Entry # 12) at 2.)